# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ADELE PEARSON and SAMANTHA CARLISLE, | |
| Plaintiffs, | CIVIL ACTION NO.: |
| v. | |
| AMBFO, LLC, | **Jury Trial Demanded** |
| Defendant. | |

## COMPLAINT

## INTRODUCTION

1. Plaintiffs Adele Pearson and Samantha Carlisle (collectively, "Plaintiffs") worked for Defendant AMBFO, LLC as flight attendants. AMBFO is Arthur M. Blank's family office.

2. For the entirety of their employment with AMBFO, both were improperly classified as exempt from overtime pay under the Fair Labor Standards Act ("FLSA").

3. Plaintiffs were regularly required to work far more than 40 hours per week due to their heavy workload, in part because AMFBO's flight group was a dysfunctional and poorly run business unit that hired and retained incompetent employees solely because they had sexual relationships with Blank or supervisors at

AMBFO. As a result, Plaintiffs were often required to perform their own duties in addition to covering for their inept coworkers.

4.     But throughout the entirety of their employment, AMBFO never paid Plaintiffs overtime, even though they were not exempt under the FLSA. Instead, AMBFO only paid Plaintiffs a salary without any time-and-a-half premium for weeks where they worked in excess of 40 hours per week. But Plaintiffs' hours worked exceeded 40 hours per week for nearly every workweek during their employment with AMBFO. Plaintiffs therefore file this Complaint to recover unpaid wages, liquidated damages, and their attorneys' fees and costs.

## PERSONAL JURISDICTION

5.     This Court has general personal jurisdiction over AMBFO because, upon information and belief, one or more members of AMBFO is a citizen of Georgia.

6.     This Court also has specific personal jurisdiction over AMBFO because the acts and omissions giving rise to Plaintiffs' claims occurred in the State of Georgia.

## SUBJECT MATTER JURISDICTION AND VENUE

7.     Plaintiffs' claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

8. This Court is a proper venue for Plaintiffs' claims under 28 U.S.C. § 1391(b) and (c), as a substantial part of the events giving rise to Plaintiffs' claims occurred in this District and Division.

## THE PARTIES

9. Pearson is a citizen of Georgia and resides at 1508 Lavista Road N.E., Atlanta, GA 30324.

10. Carlisle is a citizen of Georgia and resides at 3621 Ridge Road S.E., Smyrna, GA 30080.

11. Defendant AMBFO, LLC is a Georgia limited liability company that manages Arthur Blank's family office. AMBFO's principal place of business is 3223 Howell Mill Road NW, Atlanta, GA, 30327. Its registered agent is Corporation Service Company, and the company may be served 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

## FACTUAL ALLEGATIONS

12. At all relevant times, AMBFO was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all relevant times, Plaintiffs were employees covered by the FLSA because they were engaged in interstate activity through their employment with AMBFO.

14. At all relevant times, Plaintiffs were AMBFO's "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

15. AMBFO is a limited liability company used by Arthur Blank to manage his family office. As part of his family office and operations, Mr. Blank maintains two aircraft to facilitate his business and personal activities across the United States. AMBFO does not offer its services to the public. Instead, AMBFO provides aircraft transportation only to Blank, Blank's family, and his affiliated companies.

16. AMBFO is not a common carrier because it does not offer its services to the general public for a fee.

17. Blank and AMBFO extensively used these two aircraft. Each aircraft averaged approximately 400 flight hours per year for each year of Plaintiffs' employment.

18. To prepare for and facilitate flights on the Blank aircraft, AMBFO hired flight attendants.

19. On January 3, 2021, Pearson joined AMBFO as the Lead Flight Attendant. AMBFO paid Pearson on a salary basis for the entirety of her employment without overtime pay.

20. Over her employment with AMBFO, Pearson was paid the following amounts on a salary basis: (1) $145,000 in 2021; (2) $155,000 in 2022; (3) $160,000 in 2023; and (4) $175,000 in 2024.

21. On March 21, 2022, Carlisle joined AMBFO as a Flight Attendant. AMBFO paid Carlisle on a salary basis for the entirety of her employment.

22. Over her employment with AMBFO, Carlisle was paid the following amounts on a salary basis: (1) $150,000 in 2022; (2) approximately $158,000 in 2023; and (4) approximately $163,000 in 2024.

23. Plaintiffs' work was not simply limited to flight time. AMBFO often required Plaintiffs to create menus for each flight, pick up the required provisions or catering, perform various personal errands for Blank or his family members, facilitate travel plans, select hotels and/or restaurants, and other travel-related activity. On a pre-flight days, this pre-flight activity normally required five hours of working time *before Plaintiffs even arrived at the hanger*.

24. Plaintiffs were required to arrive at the airport at least two hours prior to departure, assist with pre-flight inspection and preparation, and manage loading the planes with luggage or other provisions for the flight.

25. After each flight, Plaintiffs spent roughly one to 1.5 hours cleaning the plane, removing perishables, and other post-flight activity.

26. While away from Atlanta, AMBFO similarly regularly required Plaintiffs to assist with various ministerial tasks, including planning return travel, restaurant selection, handling dry cleaning, or similar activities incidental to travel.

27. AMBFO regularly required Plaintiffs to remain "on call" to address last-minute flights. During the time that Plaintiffs remained on call, they were required to stay within two hours of the airport and begin the aircraft preparation process upon notification from AMBFO, which prevented them from using this time for their own purposes.

28. AMBFO's frequent aircraft usage meant that Plaintiffs worked well in excess of 40 hours per week. In 2023, for example, AMFO scheduled Pearson for an average of 21 duty days per month, with her duty days in some months reaching 26 assigned working days per month.

29. Carlisle's schedule was equally exhausting. In 2023, Carlisle similarly worked an average of 21 duty days per month, including several months where she had 26 assigned duty days.

30. And Plaintiffs' schedules were worse than their duty logs indicated. AMBFO falsified time records to inaccurately record the number of days worked by Plaintiffs. AMBFO used a system called "PMF" to record duty days. An AMBFO employee in Dispatch, Abbie Fox, would revise PMF records to suggest that Plaintiffs had 8 days off when that wasn't true.

31. Even on days where Plaintiffs were not scheduled to work, they were bombarded by meetings and calls/text messages from AMBFO personnel related to potential travel or travel planning. That occurred during both "off" days and

scheduled vacation days. AMBFO repeatedly communicated to Plaintiffs that immediate responses were expected and regularly instructed Plaintiffs to stand by pending further instructions or developments, which further reduced their meager free time.

### Plaintiffs' Workload Increases Further

32. Plaintiffs repeatedly requested that AMBFO hire additional personnel to reduce their workload, but that request ironically only increased their workload.

33. AMBFO hired a flight attendant and Flight Ops Coordinator. Both were incapable of performing even basic aspects of their job duties, which required Plaintiffs to perform their work to enable planned flights to occur according to Blank's requirements and preferences.

34. One of the contract flight attendants, Christie Buice, remained engaged with AMBFO only because she was in a romantic relationship with Blank. Buice also provided only limited support because AMBFO allowed her to be scheduled on flights only if Blank was the only person traveling on the aircraft. Accordingly, AMBFO regularly required Plaintiffs to cover up her deficiencies and handle the vast majority of the flights for AMBFO.

35. The other flight attendant, Zakia Ceaser, was completely unqualified for the position, and her hiring served only to increase Plaintiffs' workload by both handling her duties and attempting to familiarize her with the company's operations.

36. Estee Trebucq, the Flight Ops Coordinator, was in a romantic relationship with the Director of Aviation, who was similarly incapable of performing her duties. She was unable to perform basic tasks, like ordering food for the hanger or booking hotels for the crew, so those responsibilities were likewise passed along to Plaintiffs.

37. On average, Plaintiffs worked in excess of 70 hours per week and, in many weeks, their workload could reach 90 hours.

38. In or around July 2024, Carlisle informed AMBFO that she was resigning. Carlisle told AMBFO that the job was so hours-intensive that she had almost no personal time and that she could not continue to work the amount of hours that AMBFO regularly required her to work.

39. Carlisle repeatedly voiced similar complaints during her employment at AMBFO, all of which went ignored. For example, in June 2024, Blank asked Carlisle why she declined to accept the lead flight attendant position. Carlisle responded that she had no work-life balance in her current job.

## **AMBFO Willfully Violated the FLSA**

40. Throughout the entirety of their employment, AMBFO did not pay Plaintiffs any premium for overtime hours worked.

41. Throughout the entirety of their employment, AMBFO did not keep full records of the hours worked by Plaintiffs.

42. AMBFO misclassified Plaintiffs as exempt from overtime under the FLSA and failed to pay them overtime for all hours worked. Plaintiffs do not qualify under any exemption under the FLSA.

43. AMBFO knew it was subject to the FLSA's overtime provisions.

44. AMFBO knew the FLSA required it to pay non-exempt employees, including Plaintiffs, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

45. AMBFO knew each Plaintiffs regularly worked more than 40 hours in a workweek during the three-year period before this Complaint was filed.

46. AMBFO knew it did not pay Plaintiffs overtime.

47. AMBFO knew that it did not qualify as a common carrier.

### COUNT I – FLSA Unpaid Overtime (29 U.S.C. § 207)
**Against Defendant**
**By Plaintiffs**

48. Plaintiffs incorporate paragraphs 1-47 as if fully restated herein.

49. AMBFO is subject to the FLSA.

50. Plaintiffs are covered by the FLSA.

51. Plaintiffs are not exempt from the overtime provisions of the FLSA.

52. Plaintiffs regularly worked in excess of 40 hours per week during their employment with AMBFO.

53. Plaintiffs were not paid any overtime premium for hours worked in excess of 40 per workweek.

54. AMBFO knew that Plaintiffs worked in excess of 40 hours per workweek and knew or should have known that Plaintiffs did not fall within any exemption of the FLSA. Accordingly, AMBFO's violations of the FLSA were willful and entitle Plaintiffs to liquidated damages.

55. Plaintiffs therefore seek to recover all available but unpaid overtime available to them, liquidated damages, and their reasonable attorneys' fees and costs.

**WHEREFORE,** Plaintiffs request that the Court enter the following relief:

    a. award Plaintiffs overtime at their regular rate for every hour in excess of forty hours they worked during each workweek;

    b. award Plaintiffs liquidated damages;

    c. find that AMBFO willfully violated the FLSA;

    d. award Plaintiffs prejudgment interest as required by law;

    e. award Plaintiffs their reasonable attorneys' fees and expenses; and

    f. grant such additional relief as may be just.

Respectfully submitted, this 18th day of October, 2024.

        *s/ Alex Meier*
        Alex Meier
        Georgia Bar No. 282350
        LEE MEIER
        695 Pylant Street NE, Suite 105
        Atlanta, Georgia 30306
        Telephone: (404) 999-4798
        ameier@leemeier.law

        **COUNSEL FOR PLAINTIFFS**